**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br> v.<br><br>CAROLYN A ALLRED, a Washington citizen,<br><br>                    Defendant-cross-defendant - Appellee,<br><br>SHANNON L. ATKINSON, a Washington citizen,<br><br>                    Defendant-cross-claimant - Appellant. | No. 12-36088<br><br>D.C. No. 3:11-cv-05299-RBL<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted May 13, 2014**
Seattle, Washington

---

       *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

       **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, BERZON, and TALLMAN, Circuit Judges.

Shannon Atkinson appeals the district court's denial of her motion for relief from an allegedly premature order to distribute the proceeds of a life insurance policy and from her motion requesting that Judge Leighton recuse himself. We dismiss the former claim as moot, and affirm the latter. We also decline Carolyn Allred's invitations to impose sanctions or to dismiss this appeal on the basis of formatting irregularities in Atkinson's opening brief and alleged omissions in the excerpts of record.

**I.** Where a party appeals an interlocutory order subsequently superseded by a valid final judgment, the matter is moot. *See Taylor v. United States*, 181 F.3d 1017, 1018, 1022–23 (9th Cir. 1999) (en banc). Under such circumstances, reversing the initial order "would have no practical consequences." *Dex Media West, Inc. v. City of Seattle*, 696 F.3d 952, 956 n.1 (9th Cir. 2012). Here, the district court's initial distribution order has been superseded by a subsequent, identical order, issued alongside the judgment after a bench trial in which the district court evaluated all of Atkinson's claims. Although Atkinson purports to appeal that final judgment, she does not contest the propriety of the bench trial or the district court's conclusions of law. That final judgment thus moots any controversy concerning the district court's initial distribution order; even if we

2

were to reverse that initial order, it would have no effect on Allred's entitlement to the proceeds of the Prudential policy.

**II.** "'[T]he judge's conduct during the proceedings should not, except in the rarest of circumstances form the sole basis for recusal under [28 U.S.C.] § 455(a).'" *In re Marshall*, 721 F.3d 1032, 1041 (9th Cir. 2013) (some internal quotation marks omitted) (quoting *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008)). Here, Judge Leighton's denial of Atkinson's motion for relief from his initial distribution order did not "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). He thus did not abuse his discretion in refusing to recuse himself on the basis of the language in that order.

**III.** A request for sanctions "must be made in a separately filed motion," not an appellee's answering brief. *Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 511 (9th Cir. 2011). We deny Allred's request for sanctions on the ground that it has been improperly presented to us.

**IV.** We decline Allred's invitation to exercise our discretion to summarily dismiss Atkinson's appeal on the basis of minor, technical errors in the format of her brief and alleged omissions in the excerpts of record. Such a dismissal is inappropriate where, as here, an appellant's non-compliance with the technical

rules is relatively insignificant and does not compromise the appellee's capacity to respond to the appeal. *See Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 997 (9th Cir. 2007).

**AFFIRMED IN PART and DISMISSED IN PART.**